State v. Miller

---

---

STATE OF NORTH CAROLINA v. EDWARD LEON MILLER

No. 8321SC74

(Filed 18 October 1983)

Criminal Law § 138— aggravating factor in sentencing—sentence necessary to deter others

In imposing a sentence greater than the presumptive term, the trial court erred in finding as an aggravating factor that the sentence was necessary to deter others from committing the same crime.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 2 November 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 29 September 1983.

Defendant entered a plea of guilty to the sale of cocaine. A sentencing hearing was conducted after which the court found the following aggravating factor: "[t]he sentence is necessary to deter

State v. Miller

others from committing the same crime." The court found no mitigating factors even though the defendant offered evidence, to which the State stipulated, that he had no prior criminal record. Upon finding that the factors in aggravation outweighed the factors in mitigation the court imposed a sentence, greater than the presumptive term, of six years. Pursuant to N.C. Gen. Stat. Sec. 15A-1444(a1) defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Powell and Yeager, by Harrell Powell, Jr. and David E. Cresenzo, for the defendant, appellant.*

HEDRICK, Judge.

Defendant first assigns as error the trial court's finding as an aggravating factor that the sentence is necessary to deter others from committing the same crime. In *State v. Chatman,* 308 N.C. 169, 301 S.E. 2d 71 (1983), the Supreme Court held that this could not be an aggravating factor because it presumably was one of the bases for determining the presumptive sentence and was within the "exclusive realm of the legislature." The Supreme Court further held the finding to be an improper aggravating factor because it fails to relate to "the character or conduct of the offender." *Id.* at 180, 301 S.E. 2d at 78. Therefore, we are compelled to find that the trial court erred in its findings of factors in aggravation.

"[I]n every case in which it is found that the judge erred in a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing." *State v. Ahearn,* 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983).

Defendant further contends the trial court erred by failing to find factors in mitigation. Since there must be a new sentencing hearing we need not discuss this assignment of error.

Remanded for resentencing.

Judges WEBB and HILL concur.